## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KANSAS HEART HOSPITAL, LLC,    )
    )
          Plaintiff,    )
    )
v.    )    **Case No. 21-cv-1115-KHV-TJJ**
    )
STEPHEN S. SMITH, et al.,    )
    )
          Defendants.    )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend (ECF No. 73). Plaintiff Kansas Heart Hospital, LLC seeks leave to amend its complaint to correct certain allegations it has learned through recent discovery and investigation are incomplete and unclear. Plaintiff seeks to maintain the accuracy of its particularly pled complaint, but its proposed amendment does not add parties, advance new legal theories, or state additional claims. Defendants oppose the motion. Upon consideration of the matter, the Court finds the motion should be granted.

## Factual Background

In this action, Plaintiff Kansas Heart Hospital, LLC ("the Hospital") alleges Defendants Stephen Smith and Joyce Heismeyer violated their fiduciary duties and the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1961 *et seq*., ("RICO") by using their positions as corporate officers to divert money from the Hospital to themselves and to Hospital President, Gregory F. Duick, M.D. The Hospital alleges Defendants were involved in several unauthorized

transactions between February 2015 and August 2020. These claims involve allegations of fraud, which the Hospital acknowledges it must state with particularity.[1]

The Court set a deadline of October 8, 2021 for the parties to move to amend their pleadings or join additional parties.[2] Plaintiff timely sought and was granted leave to file the First Amended Complaint,[3] which deleted certain allegations, distinguished between transfers to plans and payments made by plans, and modified its damage claims.[4] Plaintiff now seeks to file a Second Amended Complaint, asserting it has learned during recent discovery and investigation that allegations in the current pleading are incomplete and unclear. Plaintiff seeks to remedy the issue in the following manner:

(1)  Plaintiff proposes to change two paragraphs of factual allegations concerning discussion during a July 20, 2020 Hospital Management Committee meeting regarding CARES Act funds. Based on draft meeting minutes, Plaintiff had alleged a failure to disclose by Defendants and Dr. Duick. Having learned new information while preparing witnesses for deposition, Plaintiff now seeks to amend these paragraphs to allege an affirmative disclosure by Dr. Duick.

(2)  Plaintiff asserts it learned while preparing responses to discovery requests that Defendants may have used a private or commercial interstate carrier to allegedly transfer funds. Plaintiff seeks to include such carriers to the means of transmission it alleges Defendants used to commit mail fraud.

---

[1] *See* Fed. R. Civ. P. 9(b).

[2] ECF No. 30.

[3] ECF No. 37.

[4] *See* ECF No. 38.

(3)  Plaintiff seeks to delete certain allegations and correspondingly reduce its damage claims.

(4)  Finally, Plaintiff seeks to amend certain allegations regarding Defendant Smith's deferred compensation plan based on new information the Hospital has obtained concerning payments he received.

Plaintiff does not seek to add parties, advance new legal theories, or state additional claims.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[5] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[6] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[7] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[8] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant,

---

[5] Fed. R. Civ. P. 15(a)(1).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[10]

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[11] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[12]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[13] The lack of prejudice to the nonmovant does not show good cause.[14] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[15]

---

[9] *Id.* (quoting *Foman*, 371 U.S. at 182).

[10] Fed. R. Civ. P. 16(b)(4).

[11] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[12] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[13] *Id.* at *5.

[14] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[15] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

**Analysis**

Plaintiff acknowledges it must first satisfy the good cause requirement of Rule 16 before attempting to demonstrate its entitlement to amendment under Rule 15.

      1.     **Rule 16**

In addressing the Rule 16 standard, Plaintiff contends the information it learned while preparing witnesses for deposition and gathering documents responsive to discovery requests constitutes good cause to amend. In their opposition, Defendants cite two cases from this District to support their argument that clarifying or correcting allegations is not a sufficient reason to grant a motion to amend. Neither case is helpful to Defendants' position. In *Semsroth v. City of Wichita*, No. 04-1245-MB, 2006 WL 2570557 (D. Kan. Sept. 5, 2006), after the court denied both a motion to certify the matter as a class action for lack of jurisdiction and a motion to reconsider that ruling, plaintiff moved to amend the complaint. By then, 16 months had passed since the deadline to amend had expired. Although plaintiffs asserted they were seeking to amend their proposed class action complaint to incorporate facts learned through the course of discovery and eliminate other facts that were clarified during discovery, the court found plaintiffs' "sole motivating reason" was to try to cure the jurisdictional defects dispositive to their motion to certify.[16]

Defendants also cite *Geer v. Challenge Financial Investors Corp.*, No. 05-1109-JTM, 2007 WL 1149131 (D. Kan. Apr. 18, 2007). In *Geer*, the court denied plaintiff's motion for leave to file a fifth amended complaint to add new defendants and to clarify the statutory basis of her ERISA claim. Although the court concluded plaintiff had failed to show good cause for her

---

[16] 2006 WL 2570557, at *4.

belated motion, the court also found plaintiff could not meet the more lenient standard under Rule 15 and confined its analysis to the Rule 15 factor of undue delay. The court found plaintiff had not demonstrated why she could not have moved to add the new defendants by the deadline to do so or, at a minimum, in a more timely manner. And the court concluded the clarification plaintiff proposed was unnecessary because it had already been accomplished through the parties' discussion and in briefing.

The Court finds Plaintiff has demonstrated good cause to justify its untimely motion. Plaintiff learned of the basis for its proposed amendment during discovery and in preparing its witnesses for deposition. Defendants point to no earlier source of the information, and the Court has no reason to question Plaintiff's assertion. The Court also finds relevant the content of the proposed amendment, which is narrowly focused and does not seek to advance new legal theories, add claims, or join new defendants. Plaintiff even seeks to decrease its claimed damages, which presumably inures to Defendants' benefit.

Having found Plaintiff satisfied Rule 16, the Court turns to the remaining analysis.

**2.     Rule 15**

With respect to Rule 15, Plaintiff asserts in conclusory fashion that its proposed amendment is not futile, unduly delayed, prejudicial, or made in bad faith. The only factor the motion specifically addresses is delay, arguing Plaintiff moved promptly to clarify its factual allegations when it obtained new information during discovery. Plaintiff notes the particularity required to plead fraud, and contends it sought to amend when discovery and analysis disclosed material omissions in certain allegations in the First Amended Complaint. Defendants contend Plaintiff has not shown that through due diligence the proposed amendment could not have been included in both the original and First Amended Complaints, but Defendants offer no support for

the contention. In those instances in which the proposed amendment is favorable to Defendants, they point to no motivation Plaintiff would have had to delay pleading facts relating to CARES Act proceeds or to reduce its damage claims.

Defendants contend they would be prejudiced by the amendment, as significant written discovery has proceeded since Plaintiff filed its First Amended Complaint, depositions are beginning, and additional discovery on the matters is inevitable. Defendants also assert the new information should have come in the form of amended initial disclosures and amended responses to written discovery, rather than in a pleading that does not identify the source of or the documents supporting the amendments. But Defendants do not indicate which discovery requests or initial disclosures they are referring to, and their sweeping claim of prejudice provides no specific discovery issues for the Court to assess.

The Court concludes that, consistent with Rule 15, justice requires granting Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Leave to Amend (ECF No. 73) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve its Second Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 10th day of May, 2022 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge