IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KANSAS HEART HOSPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-1115-KHV-TJJ |
| | ) | |
| STEPHEN S. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Discovery Responses (ECF No. 81). Pursuant to Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.1, Defendants ask the Court to order Plaintiff to fully answer Interrogatory No. 3 of Defendants' Second Set of Interrogatories. Defendants contend Plaintiff's objection on the ground of relevancy is not well-founded and should be overruled. Plaintiff opposes the motion and maintains its objection. As set forth below, the Court will grant Defendants' motion.

**I.    Relevant Background**

On February 23, 2022, Defendants served Plaintiff with a second set of written discovery, including three interrogatories.[1] Plaintiff served its answers and objection to the interrogatories on March 30, 2022.[2] The following day, Defendants counsel sent an email to Plaintiff explaining why they believe the objection to be improper, asking if Plaintiff would withdraw the objection and provide an answer or would stand on its objection, and offering to confer by telephone. In an April 1, 2022 email, Plaintiff confirmed it would maintain its objection. On the same day and

---

[1] *See* ECF No. 69.

[2] *See* ECF No. 26-1.

without further communication between the parties, Defendants filed this motion.

Although the motion cites Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, Defendants describe no further efforts to confer but merely assert the parties could not agree. Unlike many instances in which a party files a motion to compel at the 30-day deadline, this motion came with 28 days to spare. In other words, the parties could easily have continued conferring in attempts to resolve the issue without court action. Considering the other concurrent motion practice,[3] perhaps Defendants thought the Court's view of one motion would be influenced by briefing on the others. Viewed another way, Defendants' haste in filing this motion demonstrates a desire to efficiently conduct discovery and comply with the Second Amended Scheduling Order.

In its response, Plaintiff does not contest Defendants' compliance with the requirement, and has thus waived the issue. Plaintiff's silence does not negate the applicability of Fed. R. Civ. P. 37(a)(1) or D. Kan. Rule 37.2, but in this instance the Court concludes a decision on the merits best meets the goals of Fed. R. Civ. P. 1. The Court cautions the parties to fully comply with the rules on conferring in a good-faith effort to address any discovery issue that may arise in the future, and to try to resolve it without involving the court.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[3] On April 1, 2022, Defendants (1) filed their response to Plaintiffs' Second Motion for Leave to Amend (ECF No. 80), (2) filed this motion, and (3) filed a Motion for Costs and Fees Against Plaintiff (ECF No. 82), with cross-references in each.

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[4]

Considerations of both relevance and proportionality govern the scope of discovery.[5] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[6] Information still "need not be admissible in evidence to be discoverable."[7] The amendment to the rule deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[8]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[9] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[10] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating

---

[4] Fed. R. Civ. P. 26(b)(1).

[5] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[6] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[7] Fed. R. Civ. P. 26(b)(1).

[8] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[9] *Id.*

[10] *Id.*

that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[11] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[12] Relevancy determinations are generally made on a case-by-case basis.[13]

### III. Analysis

Defendants seek an order compelling Plaintiff to fully answer Interrogatory No. 3 and to withdraw its objection.

In each version of its complaint, Plaintiff alleges that between 2015 and 2020 Defendants, as the Hospital's officers, diverted millions of dollars in unauthorized compensation to themselves and a third officer, Gregory F. Duick, M.D. To hide their actions, Plaintiff alleges they returned millions in pandemic relief grants and forgivable loans, without the knowledge or consent of the Hospital's Management Committee, to avoid a government audit which may have disclosed the alleged breach of fiduciary duty. In Interrogatory No. 3, Defendants seek the following information: "Did any member of KHH's Management Committee agree with the decision to return the PPP and/or the Provider Relief Funds KHH received? If so, who?"[14]

Plaintiff responded as follows:

---

[11] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[12] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[13] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[14] ECF No. 81-1 at 3.

> Objection. Relevance. A committee member cannot act individually or outside of a committee meeting. Moreover, the committee was never fully informed, consulted, or given an opportunity to deliberate and confer on whether the PPP or PRF funds should be retained or returned in advance of Defendants' unilateral decision to return the PPP or PRF funds. The request, therefore, is irrelevant and beyond the scope of discovery.[15]

The interrogatory unquestionably seeks relevant information. The objection does not address the substance of the requested information, which seeks to learn historical facts from a limited number of people tied to a specific, identifiable event. The relevance is not diminished because a "committee member cannot act individually." And the balance of the objection is merely argument. In its response to the motion, Plaintiff treats the interrogatory as if it is asking for the management committee's current views, which it does not. Plaintiff also attempts to add a new objection based on prejudice, arguing "the naked opinion of any member of the Management Committee is likely to confuse the issues." Not only has Plaintiff waived the objection, but even if timely made the Court would overrule it as unsupported and unpersuasive.

## IV. Sanctions

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[16] The court must not order payment, however, if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust.[17]

---

[15] *Id*.

[16] Fed. R. Civ. P. 37(a)(5)(A).

[17] Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

In its motion, Defendant makes no request for sanctions, and the Court finds under the applicable standard that none should be imposed. Rule 37 also provides no such payment shall be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.[18] Although the Court has found to the contrary, Defendants' effort was minimal at best.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Compel Discovery Responses (ECF No. 81) is **GRANTED.**

**IT IS FURTHER ORDERED THAT** Plaintiff shall comply with this order within seven (7) days.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[18] Fed. R. Civ. P. 37(a)(5)(A)(i).