IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANSAS HEART HOSPITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-cv-1115-KHV-TJJ |
| | ) |
| STEPHEN S. SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Costs and Fees Against Plaintiff Kansas Heart Hospital, LLC (ECF No. 82). Pursuant to the Kansas Pillars of Professionalism and Fed. R. Civ. P. 30(d)(2), Defendants ask the Court to award them their costs and fees for what they describe as unnecessary interference with three scheduled depositions. Defendants argue that notice from Plaintiff on the morning of the first deposition of its intent to seek permission to file a Second Amended Complaint would have caused Defendants prejudice had they proceeded with the depositions. Plaintiff opposes the motion. As set forth below, the Court will deny Defendants' motion.

**I.      Relevant Background**

On March 9, 2022, Defendants served notice they intended to depose Michael Wescott, Edward Nazar, and Dr. Douglas Milfeld on consecutive days beginning on March 16, 2022.[1] According to email messages Defendants attach to their motion, Defendants first advised Plaintiff on February 28 that they wanted to depose these three witnesses on March 16-18, although the order wasn't finalized. Counsel were in frequent communication about various

---

[1] ECF Nos. 70-72.

matters during this time. On March 16, within 30 minutes of the scheduled start of Mr. Westcott's deposition, Plaintiff's counsel sent Defendants' counsel an email message advising Plaintiff intended to file a motion to amend its complaint, describing the amendment, including a redlined version, and asking if Defendants would object.

After defense counsel had the court reporter administer the oath to Mr. Wescott, the only questions counsel asked the witness were his name, address, and whether he was appearing pursuant to notice of deposition. At that point, defense counsel made a statement on the record about just having received notice from Plaintiff of the proposed amended complaint. After noting on the record that the deadline to amend had passed, defense counsel continued as follows:

> It's our belief that seeking an amendment of the pleadings at this point in time is prejudicial, completely unfair, and that proceeding with depositions today, tomorrow and Friday would be prejudicial to the defendants in this case, would be completely unfair to the defendants in this case. We of course don't know the exact nature of the amendments because we haven't had a chance to review what those might be. We don't know where the information comes from, we don't know if it is information that should be supplemented in discovery responses. So the bottom line is that we will not proceed with the depositions today, tomorrow or Friday, and that given the opportunity to do so if the amendment is allowed, we will schedule the depositions at that point in time so that we can be fully prepared to address all of the allegations in the operative complaint. And to the extent necessary or permitted, we reserve the right to seek our costs for appearing today when we receive notice of a proposed amendment the morning before depositions were scheduled and those depositions had been scheduled for sometime. That's it. So thank you for your time, we'll be rescheduling.[2]

The proceeding lasted three minutes.

Defendants did not take Mr. Nazar's and Dr. Milfeld's depositions on the following two days, but later served new deposition notices for the witnesses: April 4 for Mr. Nazar, April 13 for Mr. Wescott, and April 15 for Dr. Milfeld.[3] In its response, Plaintiff states all three

---

[2] ECF No. 82-1 at 38-39.

[3] *See* ECF Nos. 77, 83, 84.

2

depositions were concluded by April 15.

## II.     Legal Standards

Defendants rely on the Kansas Pillars of Professionalism to point out the type of behavior expected of counsel. Indeed, the Scheduling Order in this case includes the following: "This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court."[4] While important, the Pillars are aspirational and do not provide a legal basis for sanctions.

Defendants also cite Federal Rule of Civil Procedure 30(d)(2), arguing Plaintiff's allegedly belated notice of a proposed Second Amended Complaint was a "truly-last minute maneuver . . . that caused disruption of the depositions and could easily have been avoided."[5] "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[6]

"An 'appropriate sanction' leaves the court much discretion to determine the appropriate sanction under the facts presented. Courts generally use Rule 30(d)(2) when someone other than the deponent—like an attorney—interrupts the deposition."[7] "The district court has discretion to

---

[4]  ECF No. 21 at 11.

[5]  ECF No. 82 at 5-6.

[6]  Fed. R. Civ. P. 30(d)(2).

[7]  *Leininger v. U.S.*, No. 16-2627-DDC, 2020 WL 6395469, at *3 (D. Kan. Nov. 2, 2020), *reconsideration denied*, 2021 WL 75621 (D. Kan. Jan. 8, 2021) citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 4688836, at *8 (D. Kan. Oct. 6, 2011) (applying Rule 30(d)(2) to counsel who violated Rule 30(c)(2) by directing the deponent not to answer)).

3

impose appropriate sanctions when a person 'impedes, delays, or frustrates the fair examination of the deponent,' but the district court in no way is obligated to do so."[8]

### III.     Analysis

Defendants' motion seeks an order awarding them $15,500.65 for what they consider unnecessary preparation, travel and related expenses, the expenses and costs of filing this motion, and court reporter time. Their argument is simple: Defendants canceled the depositions to avoid prejudice caused by the timing of Plaintiff's notice that it would seek to further amend its complaint, and Plaintiff should pay for the avoidance.

Plaintiff points out that it provided a draft of its proposed Second Amended Complaint along with an email from counsel. But instead of taking time to review the proposed changes and discuss them, defense counsel spent three minutes on the record for the sole purpose of canceling the depositions, and then left. Plaintiff's counsel acknowledges it would have been better practice to have telephoned or emailed defense counsel the day before, but counsel had no intent of springing anything on defense counsel and was not engaging in eleventh hour gamesmanship as Defendants allege.

The Court agrees the situation could have been handled much better on both sides. But clearly defense counsel acted precipitously in canceling the depositions instead of reviewing the proposed redlined version Plaintiff provided, discussing the changes with Plaintiff's counsel, and even delaying the beginning of the deposition to see if the proposed changes would alter the questioning. Plaintiff's counsel did not engage in sanctionable conduct under Rule 30(d)(2), and the Court will not award sanctions.

---

[8] *Nebeker v. Nat'l Auto Plaza*, 643 Fed. App'x 817, 826 (10th Cir. 2016).

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Costs and Fees Against Plaintiff Kansas Heart Hospital, LLC (ECF No. 82) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 16th day of May, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge